UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EBONY BURDETTE,

    Plaintiff,

    CASE NO.: 6:15-cv-1898-ORb-41-KRS

-VS-

NAVIENT SOLUTIONS, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Ebony Burdette, by and through the undersigned counsel, and sues Defendant, Navient, Solutions Inc., (hereinafter "Navient"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Navient from invading American citizen's privacy and prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

    4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

    5.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

    6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

    7.      The alleged violations described in the Complaint occurred in Osceola County, Florida.

## FACTUAL ALLEGATIONS

    8.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida.

    9.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

    10.    Plaintiff is an "alleged debtor."

    11.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant, Navient, is a corporation with its principal place of business located at 2001 Edmund Halley Dr., Reston, VA 20191-3436 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

13.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.     Navient called Plaintiff approximately three hundred (300) times since January 1, 2014, in an attempt to collect a debt.

15.     Navient attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16.     Navient intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18.     Each call Navient made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19.     Each call Navient made to Plaintiff's cell phone (***-***-9110) was done so without the "express permission" of Plaintiff.

20.     Plaintiff, due to financial hardships and disability, had forbearance granted on her loan by Navient.

21.     Despite the forbearance being in place, Navient continued to call Plaintiff's cellular telephone in an attempt to collect on the debt.

22.     Upon initially receiving calls Plaintiff would explain that Navient should not be calling her as the loan was in forbearance, to which agents of Navient would respond that they would "look into" Plaintiff's claim of forbearance.

23.     Shortly after the first few calls, Plaintiff began answering and more bluntly began telling agents of Navient to stop calling her, upon which normally Navient's agents would hang up upon her request for a cessation of calls.

24.     In total, Plaintiff spoke to agents of Navient on approximately twenty (20) occasions and informed them to cease calling her.

25.     Despite Plaintiff's repeated requests for Navient to stop bombarding her with harassing calls, Navient willfully ignored Plaintiff's pleas and continued to place automated calls to her.

26.     Due to the tremendous volume of calls received, Plaintiff was not able to catalogue each and every call, however below is a very small sampling of the calls she received from Navient:

      i)      July 29, 2015 at 10:18 am from 607-235-5091

      ii)     July 30, 2015 at 1:05 pm from 607-235-5091

      iii)    August 9, 2015 at 6:41 pm from 888-913-7654

      iii)    August 10, 2015 at 5:03 pm from 888-913-7654

      iii)    August 11, 2015 at 1:01 pm from 607-235-5091

      iv)    August 23, 2015 at 2:09 pm from 888-913-7654

      v)     August 25, 2015 at 9:59 am from 607-235-5091

      v)     August 30, 2015 at 2:25 pm from 888-913-7654

v)      August 31, 2015 at 8:34 pm from 888-913-7654

27.     Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     Navient has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Navient, to remove the number.

29.     Navient's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Navient that they wish for the calls to stop.

30.     Navient has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     Since April 2013, Navient has had one hundred and ninety (190) lawsuits filed against it in Federal Court (See Attached Exhibit "1").

32.     Navient has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call after being requested to stop.

33.     Navient has had numerous complaints from consumers across the country against it asking to not be called, however, Defendant continues to call the consumers.

34.     Since March, 2012, Navient has had six thousand six hundred and sixty (6,660) complaints filed against it with the Consumer Financial Protection Bureau (See Attached Exhibit "2").

35.     Within the last three (3) years the Better Business Bureau has received two thousand and nine (2,009) complaints against Navient, of which one thousand three hundred twenty one (1,321) of those complaints are classified as being related to "Billing/Collection Issues" (See Attached Exhibit "3").

5

36. Navient's corporate policy provided no means for Plaintiff to have her number removed from the call list.

37. Navient has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

38. Plaintiff did not expressly consent to Navient's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Navient's placement of the calls.

39. Not a single call placed by Navient to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. Navient willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

41. Plaintiff incorporates Paragraphs one (1) through forty (40) above.

42. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

43. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

44. Navient repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

6

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

45. Plaintiff incorporates one (1) through forty (40) above.

46. At all times relevant to this action Navient is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

47. Navient has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

48. Navient has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

49. Navient's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Navient for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff